UNITED STATES DISTRICT COURT
for the
DISTRICT OF COLUMBIA

| | |
|---|---|
| REBECCA PHILLIPS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 1:23-cv-561 |
| MERRICK GARLARD Attorney General of | ) |
| the United States named in his Official | ) FILED ELECTRONICALLY |
| Capacity and head of the Department of Justice | ) |
| (Federal Bureau of Investigation), | ) JURY TRIAL DEMANDED |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT

Plaintiff Rebecca Phillips, by and through undersigned counsel, hereby files the following Complaint.

## PARTIES

1. Plaintiff Rebecca Phillips is a former employee of Defendant Federal Bureau of Investigation and a resident of the state of Virginia.

2. Defendant United States Federal Bureau of Investigation ("FBI") is a federal agency. Merrick Garland, Attorney General of the United States, is named in his official capacity person in charge of the Department of Justice (Federal Bureau of Investigation).

3. At all relevant times, Defendant FBI was covered by the definitions of "employer" set forth in 42 U.S.C. §2000e(b) of Title VII.

4. FBI principal office is J. Edgar Hoover Building, 935 Pennsylvania Avenue, N.W., Washington D.C. 20535 ("FBI Headquarters").

## JURISDICTION

5. Jurisdiction is proper in this court in that the district courts have original jurisdiction over Title VII claims under 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 2000e-5(f)(3), because they arise under the laws of the United States and are brought to recover damages for deprivation of civil rights.

## VENUE

6. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)-(c) and 42 U.S.C. § 2000e-5(f)(3), because Defendant Federal Bureau of Investigation's headquarters is located in this district, the personnel records relevant to this case are in this district, and the personnel practices challenged herein were conducted, directed, or supervised by Defendants in this district.

## ADMINISTRATIVE EXHAUSTION

7. All procedural perquisites for the filing of this suit have been met.

8. On or about June 12, 2020 Ms. Phillips reported discriminatory conduct to the FBI Equal Employment Opportunity Office (FBI EEO).

9. On September 25, 2020, Ms. Phillips filed a formal complaint with FBI EEO.

10. Ms. Phillips timely filed complaints of Age and Sex-based discrimination, hostile work environment, retaliation, and wrongful termination with FBI EEO and associated

Department of Justice EEO investigative agencies involved in her EEO related complaint investigation.

11. On December 1, 2022, Ms. Phillips received a Final Agency Decision from the Department of Justice.

12. This complaint is timely filed within ninety (90) days of the issuance of the Final Agency Decision.

## FACTS

13. Ms. Phillips was born August 18, 1977 and is a Caucasian heterosexual female.

14. Ms. Phillips presents with tendencies and behaviors more closely associated with males and those over the age of 40, particularly in her manner of communication and body language, among other aspects of her carriage and demeanor.

15. Ms. Phillips was employed as a Sign Language Interpreter by Federal Bureau of Investigation from approximately March 20, 2016 until approximately March 31, 2021.

16. When Ms. Phillips joined the FBI, she held the paygrade of GS11 in 2016.

17. At the end of 2016, Ms. Phillips was rated "Excellent" and subsequently, in March 2017 promoted to GS12.

18. Ms. Phillips went on in the subsequent year to receive an "Excellent" mid-year evaluation and end of year "Successful" rating.

19. In March 2018, Ms. Phillips was promoted to GS13.

20. In April 2018, Ms. Phillips received an "On the Spot" Award for her performance.

21. In August 2018, FBI treatment of Ms. Phillips took a discriminatory turn when Disability Program Manager ("DPM") Spinola began to criticize Ms. Phillips's interactions with colleagues and the way she interacted with them.

22. In particular, Ms. Phillips's communications style is more direct and masculine-presenting than those of her colleagues who present in a more youthful and feminine demeanor.

23. In September 2018, Ms. Phillips was rated as "Minimally Successful" and denied a Within Grade pay increase.

24. Additionally, the treatment of Ms. Phillips by those in her department also became hostile.

25. Specifically, Ms. Phillips was excluded from departmental birthday cards (which were presented to other employees who were younger and/or more feminine-presenting) and her work was more closely scrutinized and openly criticized than were those of her colleagues who were more feminine-presenting and/or younger.

26. FBI management also worked to isolate Ms. Phillips.

27. In December 2018, DPM Lauren Smith reprimanded Ms. Phillips for having a desk visitor, despite the fact that other more feminine-presenting employees and younger employees were able to have visitors at their desk without fear or discipline or criticism.

28. In February 2019, DPM Lauren Smith criticized Ms. Phillips masculine-presenting communication style, claiming she is too "direct."

29. In March 2019, DPM Smith denied training opportunities to Ms. Phillips, including an opportunity to "shadow" management in preparation for Ms. Phillips to become an Acting DPM, thus denying her the ability to progress to an Acting DPM role.

30. In March 2019, Ms. Phillips requested an opportunity to serve in a "team lead" position which was open. The role was denied to her.

31. On information and belief, in March 2019, a younger more feminine-presenting employee of FBI was tasked with "reporting on" Ms. Phillips and her communication efforts and techniques to FBI management.

32. In May 2019, Ms. Phillips was reprimanded by her immediate FBI Management for reporting age and sex discrimination to senior management directly. Ms. Phillips was also threatened as to her last promotion and told it was only "probationary."

33. In May 2019, Ms. Phillips reported her hostile work environment to Inspection Division of FBI.

34. In June 2019, Ms. Phillips reported hostile work environment including specific hostile behavior of colleagues to DPM Smith.

35. Also in June 2019, Ms. Phillips was told by FBI that she was rejected for a job posting because of the "minimally successful rating" she had previously received after complaining of discriminatory behavior.

36. In Fall 2019, Ms. Phillips was once again denied an opportunity to serve as Team Lead by DPM Smith, despite being more qualified than the younger, more feminine-presenting colleague that was selected by DPM Smith.

37. In September 2019, DPM Smith reprimanded Ms. Phillips in front of colleagues for being "confrontational" which was a reference to her masculine-presenting style.

38. Subsequently, in December 2019, DPM Smith denied Ms. Phillips additional training opportunities.

39. In February 2020, Ms. Phillips made multiple reports of the hostile work environment and discrimination to Inspection Division.

40. In February 2020, Ms. Phillips made a request to the Office of Ombudsman to assist with the discriminatory conduct of FBI management and the hostile work environment that Ms. Phillips was facing in her day-to-day duties.

41. Within days of her meeting with the Office of Ombudsman, Ms. Phillips was rated "Inconsistent Performer."

42. In March 2020, Ms. Phillips continued to report the discriminatory and hostile conduct she was facing to both her Unit Chief Allicyn Moorman, DPM Lauren Smith, and to the Director's Office.

43. In May 2020, Ms. Phillips once again reported to Inspection Division regarding the harassment, hostile work environment, and discrimination she was facing at the hands of FBI management and staff.

44. At the end of May 2020, Ms. Phillips reported to Human Resources Division that she was being harassed, faced discrimination at the hands of FBI management, and was being retaliated against for opposing such conduct.

45. In response, on June 10, 2020, Ms. Phillips received an "Inconsistent Performer" rating despite no issues within the review period being cited. She was given notice that she would be placed on a Performance Improvement Plan ("PIP").

46. On June 12, 2020, Ms. Phillips contacted FBI EEO to complain of the discriminatory treatment she was receiving from FBI management and her hostile work environment.

47. In response, on August 26, 2020, Ms. Phillips was rated as "Unacceptable" during a Performance Check-In

48. On September 1, 2020, the PIP was issued to Ms. Phillips.

49. Unfortunately, the PIP was simply for show; feedback was untimely and often inaccurate. Performance improvement, to the extent possible, was ignored while even slight issues were magnified by management.

50. Ultimately, the PIP was concluded and Ms. Phillips was rated as having been unsuccessful in completing the PIP.

51. Ms. Phillips was terminated and placed on unpaid leave during the pendency of her appeal to FBI management regarding the determination.

52. On March 31, 2021, Ms. Phillips received a formal determination that she was terminated from FBI with no further right of administrative review.

53. As to each opportunity for training or work experience denied to Ms. Phillips in the preceding paragraphs were, on information and belief, given to employees who were less qualified than Ms. Phillips, but were more feminine-presenting and/or younger.

54. Ms. Phillips was targeted with harassment and hostile work environment because she presents in a less feminine-style and was older than other colleagues with less experience and qualifications.

55. Ms. Phillips was harassed and ultimately terminated because she opposed the discriminatory practices of FBI directed toward her.

56. Ms. Phillips seeks all remedies and damages permitted by law.

### STATEMENT OF CLAIMS

**COUNT I: SEX DISCRIMINATION**

**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AS AMENDED**

57. The preceding paragraphs are incorporated by reference.

58. The Federal Bureau of Investigation subjected Plaintiff to different terms and conditions of her employment based on her sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16, including by: subjecting her to sufficiently severe or pervasive harassment based on her sex so as to alter the conditions and terms of her employment; condoning or tolerating such harassment; subjecting her to less favorable terms and conditions of employment including, but not limited to, harassing her, discriminating against her in job assignments, and ultimately terminating her.

59. The FBI was motivated to discriminate against Plaintiff, in part, by its attitudes about women who present as Plaintiff does and their view as to how women should present in the workplace.

60. The FBI's actions toward Plaintiff were done knowingly and intentionally or with reckless disregard of her rights.

61. The FBI's conduct discriminated against Plaintiff on the basis of her sex in violation of Title VII.

62. As a direct and proximate result of the FBI's actions, Plaintiff has suffered damages, including lost wages and benefits, diminished reputation and other pecuniary losses, and emotional pain and suffering, mental anguish, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

**COUNT II: HOSTILE WORK ENVIRONMENT**

**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AS AMENDED**

63. The preceding paragraphs are incorporated by reference.

64. The Federal Bureau of Investigation subjected Plaintiff to different terms and conditions of her employment based on her sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16, including by: subjecting her to sufficiently severe or pervasive harassment based on her sex so as to alter the conditions and terms of her employment; condoning or tolerating such harassment; subjecting her to less favorable terms and conditions of employment including, but not limited to, harassing her, discriminating against her in job assignments, and excluding her from socialization and social activities within her department.

65. The FBI was motivated to discriminate against Plaintiff, in part, by its attitudes about women who present as Plaintiff does and their view as to how women should present in the workplace (i.e., gender stereotypes).

66. The FBI's actions toward Plaintiff were done knowingly and intentionally or with reckless disregard of her rights.

67. The FBI's conduct discriminated against Plaintiff on the basis of her sex in violation of Title VII and permitted a hostile work environment to exist for Plaintiff.

68. As a direct and proximate result of the FBI's actions, Plaintiff has suffered damages, including lost wages and benefits, diminished reputation and other pecuniary losses, and emotional pain and suffering, mental anguish, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

## COUNT II: AGE DISCRIMINATION

### VIOLATION OF AGE DISCRIMINATION IN EMPLOYMENT ACT (ADEA)

69. The preceding paragraphs are incorporated by reference.

70. The Federal Bureau of Investigation subjected Plaintiff to different terms and conditions of her employment based on her age in violation of Age Discrimination in Employment Act, including by: subjecting her to sufficiently severe or pervasive harassment based on her age so as to alter the conditions and terms of her employment; condoning or tolerating such harassment; subjecting her to less favorable terms and conditions of employment including, but not limited to, harassing her, discriminating against her in job assignments and training opportunities, and terminating her.

71. The FBI was motivated to discriminate against Plaintiff by its attitudes about age in the position of Sign Language Interpreter.

72. The FBI's actions toward Plaintiff were done knowingly and intentionally or with reckless disregard of her rights.

73. The FBI's conduct discriminated against Plaintiff on the basis of her age in violation of ADEA.

74. As a direct and proximate result of the FBI's actions, Plaintiff has suffered damages, including lost wages and benefits, diminished reputation and other pecuniary losses, and emotional pain and suffering, mental anguish, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

## COUNT III: RETALIATION

**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AS AMENDED**

75. The preceding paragraphs are incorporated by reference.

76. As a result of Plaintiff's protected opposition to discrimination and harassment, the FBI retaliated against her by subjecting her to different terms and conditions of employment

as described in this Complaint, including refusing to provide training, refusing her opportunities for promotion, and discharging her.

77. The FBI's actions taken against Plaintiff were done knowingly and intentionally or with reckless disregard of her rights.

78. The FBI's conduct violated 42 U.S.C. § 2000e-3(a) of Title VII, as applicable to the federal government.

79. As a direct and proximate result of FBI actions, Plaintiff has suffered damages, including lost wages and benefits, diminished reputation and other pecuniary losses, and emotional pain and suffering, mental anguish, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

## COUNT IV: RETALIATION – WRONGFUL TERMINATION
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AS AMENDED

80. The preceding paragraphs are incorporated by reference.

81. As a result of Plaintiff's protected opposition to discrimination and harassment, the FBI retaliated against her by terminating Plaintiff from her employment with FBI.

82. The FBI's actions taken against Plaintiff were done knowingly and intentionally or with reckless disregard of her rights.

83. The FBI's conduct violated 42 U.S.C. § 2000e-3(a) of Title VII, as applicable to the federal government.

84. As a direct and proximate result of FBI actions, Plaintiff has suffered damages, including lost wages and benefits, diminished reputation and other pecuniary losses, and

emotional pain and suffering, mental anguish, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

## JURY DEMAND

Plaintiff respectfully requests trial by jury for all such matters so triable.

WHEREFORE, Plaintiff Rebecca Phillips respectfully requests that this Court enter judgment in her favor and against the Defendants and order the following relief as allowed by law:

A. Compensatory damages, including but not limited to those for emotional distress, inconvenience, mental anguish, and loss of enjoyment of life;

B. Back pay and benefits;

C. Reinstatement or front pay and benefits;

D. Injunctive and/or declaratory relief;

E. Attorneys fees and costs of the action, including expert witness fees, as appropriate;

F. Pre-judgment and post-judgment interest at the highest lawful rate; and

G. Such further relief as justice allows.

Respectfully Submitted,

PIATT LAW PLLC

Dated: February 28, 2023

By: ___/s/ Jason E. Piatt_____

Jason E. Piatt, Esq.
Counsel for the Plaintiff

                                                    20 East Sixth Street, Suite 205  
                                                    Waynesboro, PA 17268  
                                                    PH: 717.655.5487

Plaintiff's Address:  
206 N Payne St.  
Alexandria, VA 22314

## CERTIFICATION OF GOOD STANDING

I HEREBY CERTIFY that I am a member in good standing of the bar of this Court.

PIATT LAW PLLC

/s/ Jason E. Piatt Esq.
Jason E. Piatt, Esq.
jpiatt@piattlaw.com
20 E 6th Street, Suite 205
Waynesboro, PA 17268
(717) 655-5487

*Counsel for the Plaintiff*